# IN THE SUPERIOR COURT OF GUAM

2013 OCT 28 PM 3: 28

MELONY J. CRUZ,
　　　　　　　　　　Plaintiff,

　　　　v.

GREGORIO B. CRUZ, JR.,

　　　　　　　　　　Defendant.

) DOMESTIC CASE NO. DM0195-11
)
) DECISION AND ORDER RE.
) PLAINTIFF'S MOTION TO MODIFY
) FINAL DECREE RE: CUSTODY
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon for a hearing on Melony J. Cruz's ("Plaintiff") *Ex Parte* Motion for Order to Show Cause to Modify Custody ("OSC") filed on July 10, 2013 and heard *ex parte* on July 11, 2013. At that time, the Court noted that the two minor children were in Plaintiff's custody in Hawaii and declined to address the OSC on an *ex parte* basis. The Court scheduled a hearing for July 24, 2013 as a Motion to Modify Final Decree RE: Custody ("Motion to Modify Custody"). At the hearing, which took place over two days on July 24-25, 2013, the Plaintiff was represented by Attorney Daniel Somerfleck and Attorney Ron Moroni appeared on behalf of Gregorio B. Cruz ("Defendant"). The Court heard from Plaintiff, Defendant, and Defendant's girlfriend Moana Borja, as well as the two minor children in an *in-camera* proceeding. After having considered the testimony and other evidence presented at the hearing, the Motion, and the applicable statutes and case law, this Court issues the following written Decision and Order DENYING the Plaintiff's Motion to Modify Custody.

//

//

# BACKGROUND

## 1. Interlocutory Decree for Dissolution of Marriage

Plaintiff and Defendant were granted an Interlocutory Decree for Dissolution of Marriage ("Divorce Decree") on August 2, 2012 by the Superior Court of Guam. The Decree gave Plaintiff and Defendant joint legal custody of the minor children. Interlocutory Decree for Dissolution of Marriage at 2 (Aug. 2, 2012). Custodial, residential custody of the minor children, Giana Kaeline James Cruz (Dob 9/6/03) and Gravis Michael James Cruz (Dob 5/13/06) was granted to Defendant beginning June 2012, subject to the reasonable visitation rights of the Plaintiff for each summer beginning in 2013 and odd-numbered years for the winter holiday period. *Id.* at 2-3. The Decree further ordered that the Defendant relocate his other, adult children to a different residence "to assure there is ample room in the house for the minor children." *Id.* at 3. Finally, "[n]either party shall allow smoking inside their residence while the children are staying with them." *Id.* at 6.

## 2. *Ex Parte* Order to Show Cause

While the minor children were staying with Plaintiff in Hawaii during their summer visitation, she filed an *ex parte* Order to Show Cause ("OSC") on July 10, 2013 requesting that the Court modify the custody decree to give her "primary physical custody". Decl. of Plaintiff at 3 (July 10, 2013). The primary grounds upon which Plaintiff based her request for modification were: 1) concern about the adult children of the Defendant residing in the house, 2) the arrest of one of these adult children, 3) Defendant allowing smoking in the house, and 4) the June 15, 2013 arrest and indictment of the Defendant on charges of criminal mischief and terrorizing as third degree felonies and for misdemeanor assault. *Ex Parte* Mot. for Order to Show Cause and Modify Custody and Mem. of P. & A. at 3 (July 10, 2013).

The Court held an *ex parte* hearing on the OSC on July 11, 2013 where both parties were represented and noted that because Plaintiff currently had physical custody of the minor children, they were not in any immediate danger and an *ex parte* hearing was procedurally inappropriate. Furthermore, the current court-ordered custody arrangement entitled Plaintiff to retain physical custody of the minor children for approximately one more month. However, the Court would entertain a Motion to Modify Custody in an expedited manner and scheduled an evidentiary hearing with both parties for July 24, 2013.

### 3. Hearing on Motion to Modify Custody

The Court held hearings over two days on July 24-25, 2013 where it heard testimony from Plaintiff, Defendant, Defendant's live-in girlfriend Cheryl Borja, and the two minor children and accepted six exhibits from the Plaintiff and four exhibits from the Defendant. During this hearing, the Court considered the status of the Defendant's pending criminal case, the arrest of one of the Defendant's adult children after an altercation at the Defendant's residence, testimony of all the witnesses regarding the routines and living conditions at each of the party's respective households, the minor children's school records in both Hawaii and Guam, and the preferences of the minor children as expressed in their *in camera* interview. At the conclusion of the hearing, the Court took the Motion to Modify Custody under advisement and ordered that the custody order remain in place absent further order of this Court.

## LAW AND ANALYSIS

### 1. Applicable Law

This Court has jurisdiction to modify the custody arrangement originally set forth in the Interlocutory Decree for Dissolution of Marriage pursuant to 19 GCA § 8404(f) ("[a]ny custody award shall be subject to modification or change whenever the best interests of the child require

or justify such modification or change . . .") (*See also Lanser v. Lanser*, 2003 Guam 14 ¶ 9). In the instant case, "the burden of showing a sufficient change in circumstances is on the party seeking the change of custody." *In re Marriage of Carney*, 24 Cal.3d 725, 731 (1979) (*citing Prouty v. Prouty*, 16 Cal.2d 190, 193 (1940); *In re Marriage of Kern*, 87 Cal.App.3d 402, 410-411 (1978); *In re Marriage of Mehlmauer*, 60 Cal.App.3d 104, 108-109 (1976). For this Court to justify a modification of the original custody decree, Plaintiff/Petitioner here must present a "persuasive showing of changed circumstances affecting the child," (*Lanser* at n.2 (*quoting Carney* at 38)), because "it is desirable that there be an end of litigation and undesirable to change the child's established mode of living." *Id.* Based upon the evidence presented by the parties during the hearings on this matter, the Court determines that Plaintiff has not met that burden; therefore, the Court will not disturb the original custody decree.

## 2. Defendant's Adult Children

Plaintiff alleges that Defendant has failed to relocate his adult children from his house to ensure sufficient room for the minor children, as ordered in the Divorce Decree. Another concern expressed by the Plaintiff is the arrest of one of these adult children, Gregorio, Jr.. Testimony from the Defendant and Cheryl Borja demonstrate these two allegations are connected. The testimony establishes that Defendant lives in a three bedroom, two bathroom house with the minor children and his live-in girlfriend, Cheryl Borja. The Court finds credible the testimony by Defendant and Ms. Borja that the adult children no longer reside in Defendant's home. Although it is undisputed that Defendant's adult children will stay overnight on occasion, the frequency does not rise to the level constituting "residing" for the purposes of the restriction set forth in the Final Decree. In fact, the testimony presented during the hearing established that the adult son was purportedly arrested after an argument with the

Defendant because Defendant would not permit his son to move back into the house. Although it is reasonable Plaintiff would be concerned by these events, the Court also finds that the children were unaffected and unaware of the incident which took place away from the Defendant's home. Importantly, the Defendant could hardly be faulted for the arrest of his adult son when the dispute allegedly arose out of Defendant's compliance with the court-ordered custody conditions.

**3.      Defendant's Pending Criminal Charges**

The pending criminal charges against Defendant are both relevant and admissible, even if Defendant has not been convicted, in determining if modification of custody is warranted following the "best interests of the child" standard. *See e.g. In re J.W.*, 113 S.W.3d 605, 612 (Tex. App. 2003) and *In the Interest of K.L.R.*, 162 S.W.3d 291, 305 (Tex. App. 2005). However, this Court is guided by the principal that "if not linked to the child's interest, the matter should not be considered." *Flores v. Cruz*, 1998 Guam 30, ¶ 14. Although the pending criminal charges of criminal mischief, terrorizing, and assault are before a different court, this Court may take note of the nature and substantive basis of these charges in determining whether or not to modify custody. *See Gina v. William*, 823 A.2d 1274, 1280 (Conn. App. Ct. 2003). Nearly all of the Defendant's incarceration occurred while Plaintiff had custody of the children in Hawaii.  Therefore, it cannot be said that the incarceration itself directly affected the wellbeing of the children because they were not in Defendant's custody at the time of his detention.

Furthermore, it was established that the week Defendant was incarcerated prior to the hearing before this Court was due to an error and the Warrant of Arrest was vacated by Judge Perez on July 23, 2013. That period of incarceration will, therefore, not be considered by this

Court in reaching its decision.

Notwithstanding the charges which have been filed against the Defendant, the Court, *at this time*, does not find sufficient grounds warranting the modification of the custody order. During the hearing of this motion, the Defendant indicated that he intended to advance a reasonable defense to the criminal charges against him and, therefore, absent any changed circumstances, the Court does not find the pending charges a compelling basis for modifying custody. However, the Court certainly has jurisdiction to modify the order of custody when the best interests of the children require and, should the Defendant be convicted, the Court would entertain such a motion at that time. It must be noted that the Defendant stated on the record that, in the event a conviction led to his incarceration, he would agree to send the minor children to live with Plaintiff.

**4. Plaintiff's Housing in Hawaii**

During Plaintiff's testimony, she presented an alternate living arrangement in Hawaii should custody be modified in her favor. However, the alternate scenario, in which the two minor children would live with their mother, her boyfriend and their half-siblings aged 16, 2 and 6 months, in a two bedroom apartment, located on the seventh floor of a high rise building does not present a more desirable living arrangement. This arrangement alone does not present a more desirable, safer environment justifying a custody modification that is in the minors' best interest. In Guam, the children also have the advantage of being in close proximity to relatives, and to outside, after-school activities. Thus, the living environment in Hawaii does not alone give rise to sufficient grounds to modify custody.

**5. The Minor Children's Performance in School**

The Court finds it persuasive that the children are performing well in school in Guam,

based upon the report cards entered into evidence from the previous two school years. Although there is some concern over the number of times they have been tardy (approximately once every 2 school weeks), it does not rise to the level of excessiveness; and, the number of absences is miniscule. The pages in a school planner which were purportedly signed by the older child on behalf of her younger brother did not, by itself, detract from the evidence that that both children have excellent grades, favorable comments by their teachers in academic and character matters, and are involved in extracurricular activities – which are attended to by the Defendant, his girlfriend and the Plaintiff's parents. Testimony of poor personal hygiene and dress at school by the Plaintiff was contradicted by Plaintiff's own evidence establishing that the children were dressed appropriately and appeared well-groomed.

## 6. The Minor Children's Familial and Social Ties

The evidence presented during the hearing also establishes that the minor children, while in the custody of the Defendant, continue to have a meaningful relationship with their maternal grandparents, the parents of the Plaintiff. There is also evidence that many other extended family members and friends of the minor children reside nearby and form an informal support network for the minor children. Although not dispositive facts, the social and familial network that the minor children have in Guam strongly support legal proposition that it is "undesirable to change the child's established mode of living." *Lanser* at n.2.

## 7. Smoking in the Residence

The allegation of smoking inside the Defendant's residence is disputed and concerns the Court because it violates the Divorce Decree and because the minor boy has asthma. Although smoking should unequivocally not be allowed inside the residence of either Plaintiff or Defendant when they have custody of the children, this Court does not find the allegations of

smoking, on their own or weighed with the other factors discussed, sufficient to justify granting Plaintiff's Motion to Modify Custody.

## CONCLUSION

The Plaintiff has failed to meet her burden of showing sufficiently changed circumstances warranting a modification of custody of the minor children of Plaintiff and Defendant, therefore, for the reasons set forth herein, Plaintiff's Motion to Modify Final Decree: Custody is **DENIED**.

**SO ORDERED** this 28th day of October, 2013.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

OCT 2 8 2013

Joseph L. Lumba